IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL A. TISDELL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 14-1834 |
| | : | |
| SUPERINTENDENT BICKEL et al., | : | |
| Respondents. | : | |

**O R D E R**

On March 27, 2014, state prisoner Ishmael Tisdell sought habeas relief, challenging his conviction on fifteen grounds, including various claims of ineffective assistance of trial counsel, prosecutorial misconduct, and violation of his Sixth Amendment confrontation clause rights. (Doc. No. 1, 17, 18.)  I referred the matter to Magistrate Judge Strawbridge, who recommends denying relief because the Petition is untimely and barred by the statute of limitations.  (Doc. No. 18.)

No objections to the Report and Recommendation have been raised. (Doc. No. 19.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).  Having reviewed the Report, I see no clear errors.  Because Petitioner's judgment became final on July 10, 1991, well before the 1996 enactment of AEDPA, he was entitled to a one year grace period, and the statute of limitations for his federal habeas petition began to run on April 24, 1996.  See 28 U.S.C. § 2244(d)(1) (one-year limitations period); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("[H]abeas petition is deemed filed at the moment [a petitioner] delivers it to prison officials for mailing to the district court."). Although a period of statutory tolling existed from October 23, 1996 to October

15, 1999, Tisdell did not file the present habeas petition until March 24, 2014, nearly fourteen years after the limitations period expired. (Doc. No. 1.) Moreover, Tisdell has failed to demonstrate any basis for equitable tolling to render his petition timely. Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013) ("For a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition.")

**AND NOW**, this 19th day of August, 2015, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 18) is **APPROVED AND ADOPTED**; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

2