**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISHMAEL A. TISDELL,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 14-1834** |
| | : | |
| **SUPERINTENDENT BICKEL et al.,** | : | |
| **Respondents.** | : | |

# O R D E R

On March 27, 2014, state prisoner Ishmael Tisdell sought habeas relief, challenging his conviction on fifteen grounds, including prosecutorial misconduct, violation of his Sixth Amendment confrontation clause rights, and various claims of ineffective assistance of trial counsel.  (Doc. No. 1.)   I referred the matter to Magistrate Judge Strawbridge, who recommended denying relief because the Petition is untimely.  (Doc. No. 18.)

When I did not receive timely objections from Petitioner, I determined that Judge Strawbridge's Report contained no clear error and adopted it on August 20, 2015.  (Doc No. 20.) Petitioner, who is proceeding *pro se*, then requested two extensions for time to file objections. (Doc. Nos. 21, 23.)  I granted both requests and vacated my August 20 Order.  On September 29, 2015, Petitioner filed objections.  (Doc. No. 22, 24.)   After reviewing these objections, I will once again deny relief and adopt Judge Strawbridge's Report and Recommendation.

## I.    Background

On July 18, 1987, a jury found Petitioner guilty of second degree murder, criminal conspiracy, possessing an instrument of a crime, and robbery after a trial in the Philadelphia Common Pleas Court.  On December 19, 1988, after denying post-verdict motions, the Court sentenced Petitioner to life imprisonment for murder, and concurrent sentences of two and a half to five years for possession of an instrument of crime, five to ten years for criminal conspiracy,

and a suspended sentence for robbery.  (Ct. Commitment Form, Phila. Ct. Comm. Pleas Dec. 19, 1988.) The Superior Court rejected Petitioner's direct appeal.  (Not. of App., St. Ct. Rec. Doc. 1094, Phila. Ct. Comm. Pleas Dec. 30, 1988); Commonwealth v. Tisdell, 598 A.2d 1333 (Pa. Super. Ct. July 10, 1991).  Petitioner did not seek *allocatur* and did not otherwise challenge his convictions or sentence for over five years.

On October 23, 1996, shortly after amendments to the Commonwealth's collateral review law went into effect, Petitioner filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act.  (PCRA Petition, St. Ct. Rec. Doc. 10, Phila. Ct. Comm. Pleas Oct. 23, 1996.)  He requested and was granted appointment of counsel.  After reviewing the case, however, appointed counsel filed a no merit letter on April 26, 1999.  The PCRA court dismissed the petition on September 15, 1999.  Petitioner did not appeal this decision and, again, made no further challenge to his convictions or sentence for fourteen years.

On March 24, 2014, Petitioner filed the instant *pro se* habeas petition.  (Doc. No. 1.)  The Commonwealth filed a response on September 9, 2014.  (Doc. No. 9.)  Petitioner replied on December 12, 2014.  (Doc. No. 16.)  On January 14, 2015, he submitted a memorandum of law in support of his Petition.  (Doc. No. 17.)

## I.   Legal Standards

I am obliged to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Although Petitioner repeats some of the arguments he offered in his habeas Petition, I will construe his submissions liberally and address the objections he apparently seeks to raise.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (district courts may not decline to afford *de novo* review merely because objections "rehash" arguments made to Magistrate Judge).

The one-year § 2254 limitations clock generally runs from "the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The Antiterrorism and Effective Death Penalty Act provides for statutory tolling for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The one-year statute of limitation also may be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010).  Although "[t]here are no bright lines in determining whether equitable tolling is warranted," Courts must be "sparing in their use" of this mechanism.  Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (further citations omitted).

## II.   Objections

Petitioner argues he is entitled to equitable tolling because he has been "diligently pursuing his Constitutional and Due Process rights since June 15, 1998." (Doc. No. 25 at 2.) Petitioner states that the denial of "Constitutional Rights to his trial transcripts" was an "impediment" to his pursuit of relief.  (Id.)  He further alleges that trial counsel "obstructed [his] right to a meaningful appeal, by not turning over his trial transcripts."  (Id. at 3.)  Although Petitioner admits that he "cannot fully argue any issues at this point," he attributes this to being "without a set of transcripts."  (Id. at 8.)  Petitioner essentially argues that either the clock on his federal habeas petition should be tolled until he receives his trial transcripts, or in the alternative, a period of equitable tolling should render his petition timely.

As a threshold matter, Petitioner is not entitled to an alternative statute of limitations date under 28 U.S.C. § 2244(d)(1)(B)-(D).  Lack of access to trial transcripts does not constitute an

"impediment" under subsection (d)(1)(B). See, e.g., Perry v. Diguglielmo, 169 F. App'x 134, 138 (3d Cir. 2006) (under Pennsylvania law, possession of transcripts and other court documents is not necessary for a defendant to pursue relief in a post-conviction proceeding); Wright v. Tennis, No. CIV.A.07-211, 2007 WL 2207782, at *3 (E.D. Pa. July 30, 2007) (petitioner was not precluded from filing his Petition because of a lack of transcripts); Rowann v. Dist. of Erie, No. CIVA09-78 ERIE, 2010 WL 1052959, at *5 (W.D. Pa. Mar. 22, 2010) (court's failure to release trial transcripts did not toll the one-year statute of limitations); Merritt v. Klem, No. 1:06-CV-01289, 2007 WL 257299, at *5 (M.D. Pa. Jan. 25, 2007) (failure to provide trial transcripts was not an "impediment" justifying alternative limitations period). Indeed, that Petitioner filed a PCRA Petition outlining similar substantive claims to those in this Petition suggests that the purported lack of access to transcripts did not actually impede his pursuit of relief. Cf. Vanfossen v. McGrady, No. CIV.A. 09-6020, 2010 WL 4400051, at *2 (E.D. Pa. Nov. 3, 2010). The other grounds for an alternative statute of limitations start date under § 2244(d)(1)(C) and (D) also do not apply here.

Although a period of statutory tolling existed from October 23, 1996 to October 15, 1999, Petitioner did not file the present habeas petition until March 24, 2014, nearly fourteen years after the limitations clock expired. (Doc. No. 1); 28 U.S.C. § 2244(d)(2). This fourteen-year delay renders the Petitioner untimely in the extreme unless Petitioner can show that he was entitled to equitable tolling—which he cannot. Holland, 560 U.S. at 649.

Once again, Petitioner has not shown that lack of access to trial transcripts are an "extraordinary circumstance" preventing timely filing. Satterfield v. Johnson, 434 F.3d 185, 196 (3d Cir. 2006) (attorney's failure to obtain a complete set of trial transcripts was not an extraordinary circumstance) (citing Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003));

4

United States v. Shabazz, No. CIV.A. 05-4717, 2006 WL 2854301, at *2 (E.D. Pa. Oct. 4, 2006) (attorney's failure to provide petitioner with trial transcripts did not justify equitable tolling); Holmes v. Vaughn, No. CIV.A. 01-2565, 2003 WL 23112383, at *6 (E.D. Pa. Nov. 25, 2003) report and recommendation adopted, No. CIV.A. 01-2565, 2003 WL 23112386 (E.D. Pa. Dec. 22, 2003) (petitioner's claim of deprivation of "legal papers" did not merit equitable tolling). Besides lack of access to trial transcripts, Petitioner has not offered any other viable "extraordinary circumstance" justifying his fourteen-year delay.

Assuming, *arguendo*, Petitioner's failure to obtain trial transcripts constituted an extraordinary circumstance, his lack of reasonable diligence undermines his equitable tolling request. As Petitioner acknowledges, he was aware that he lacked access to trial transcripts from at least as early as June 15, 1998, when he requested them in open court. (Doc. No. 25 at 1.) Yet from September 1999, when his first PCRA petition was denied, to the filing of this Petition in March 2014, he did nothing to pursue post-conviction relief. Such dilatory conduct certainly does not amount to diligence. Merritt v. Blaine, 326 F.3d 157, 170 (3d Cir. 2003) (rejecting equitable tolling for lack of diligence where petitioner waited two years to file habeas petition after state relief was no longer viable); Crump v. Phelps, 572 F. Supp. 2d 480, 484 (D. Del. 2008) (same for ten-year delay in filing habeas petition). I thus find that equitable tolling may not save Petitioner's otherwise untimely Petition.

### III.    Conclusion

Because I find that Petitioner has raised no cognizable objections to Magistrate Strawbridge's Report and Recommendation, I will approve and adopt the Report and Recommendation. Furthermore, there is no basis for issuing a certificate of appealability because reasonable jurists could not debate that the Petition was untimely. See 28 U.S.C. § 2253(c)(2).

**AND NOW**, this 13th day of October, 2015, after careful and independent consideration of the Petition for Habeas Relief under 28 U.S.C. § 2254 (Doc. No. 1), the state court record, the Commonwealth's Response to the Petition (Doc. No. 9), Petitioner's Reply (Doc. No. 16), Petitioner's Memorandum of Law in Further Support of His Petitioner (Doc. No. 17), and after review of United States Magistrate Judge David R. Strawbridge's Report and Recommendation (Doc. No. 18), it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**;

3. A certificate of appealability **SHALL NOT** issue;

4. The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____

Paul S. Diamond, J.
